UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.         CASE NO.   3:11-cr-207-J-20JRK

JENNA CRAWLEY

**UNITED STATES' CONSENT MOTION FOR ENTRY
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to 18 U.S.C. § 982(a)(1) and Rules 32.2(b)(2) and (4) of the Federal Rules of Criminal Procedure, to enter a Preliminary Order of Forfeiture which, upon entry, shall become a final order of forfeiture as to defendant Jenna Crawley's right, title and interest in the following:

> FUNDS IN THE AMOUNT OF $202,231.91, SEIZED
> FROM SUNTRUST BANK ACCOUNT NO.
> XXXXXXXX5427, HELD IN THE NAME OF NICO
> CONSULTING, LLC.,
> ASSET ID NO. 10-DEA-535398;
>
> FUNDS IN THE AMOUNT OF $147,640.32, SEIZED FROM
> CITIZENS BANK ACCOUNT NO. XXXXXX3214, HELD IN THE
> NAME OF HEAVY INVESTMENTS, LLC.,
> ASSET ID NO. 10-DEA-535175;  and
>
> FUNDS IN THE AMOUNT OF $10,000.00, SEIZED FROM
> CITIZENS BANK ACCOUNT NO. XXXXXX3222, HELD IN THE
> NAME OF HEAVY INVESTMENTS, LLC.,
> ASSET ID NO. 10-DEA-535169;

("funds"). In support thereof, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

I. **Statement of Facts**

1. On August 25, 2011, defendant Jenna Crawley ("defendant') was charged in a one count Information with conspiracy to commit money laundering (engaging in monetary transactions in property derived from specified unlawful activity), in violation of 18 U.S.C. §§ 1956(h) and 1957. The forfeiture allegations of the Information put the defendant on notice that, pursuant to the provisions of 18 U.S.C. § 982(a)(1), the government would seek forfeiture of property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the above-described funds. Doc. 1.

2. On August 25, 2011, the defendant tendered a guilty plea to Count One of the Information at a hearing before United States Magistrate Judge James R. Klindt, who made a report, recommending that the defendant's plea be accepted. Doc. 14. In paragraph 8 of her Plea Agreement, the defendant agreed to forfeit to the United States any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1), including the above-described funds. (Doc. 29 at 6-7).

3. In addition, pursuant to Rule 32.2(b)(4)(A), the defendant agreed that the preliminary order of forfeiture shall be final as to the defendant at the

time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment. *Id.* at 7.

4.  On September 19, 2011, the Court accepted the defendant's plea and rendered an adjudication of guilt. Doc. 17. The defendant's sentencing hearing is currently scheduled for March 21, 2013 at 1:30 p.m. (Doc. 25).

5.  The undersigned has conferred with defense counsel, David Weinstein, Esquire, and has been authorized to represent that he consents on behalf of his client to the relief sought in this motion.

## II. Legal Authority

The Court's authority to forfeit is founded upon 18 U.S.C. § 982(a)(1), which provides that any person convicted in violation of section 1956 and/or 1957, punishable by imprisonment for more than one (1) year, shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

Rule 32.2 of the Federal Rules of Criminal Procedure requires that as soon as practical after a verdict or finding of guilty, on any count in an indictment or information for which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute. Rule 32.2(b)(1)(A), Fed. R. Crim. P.[1]

---

[1] Effective December 1, 2009, Rule 32.2 has been amended to clarify the procedures concerning forfeiture. Rule 32.2(b)(1) sets forth the procedure for determining if property is subject to forfeiture. Subparagraph (A) was carried

3

Here, the Factual Basis of the defendant's Plea Agreement establishes the requisite *nexus* for forfeiture of the funds in that the defendant, as co-owner of Jacksonville Pain (and later Duval Wellness), deposited significant amounts of cash and checks derived from Jacksonville Pain and Duval Wellness into various bank accounts that she opened in the names of Nico Consulting, LLC. and Heavy Investments, LLC.  The funds represented the defendant's cut of her ownership interest in the Jacksonville pain clinics.  These funds were profits of the illicit activity at the Jacksonville pain clinics wherein where monies were received in exchang for the illegal distribution of oxycodone to individuals, many of whom traveled from out of state, without appropriate assessments of the individuals.

If the Court finds that the United States has established the requisite *nexus* between the funds and the violation charged in Count One of the Information, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title and interest of the defendant in the subject funds, in accordance with 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2).

### III. <u>Conclusion</u>

Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests that this

---

forward without change.  Fed. R. Crim. P. 32.2 (*2009 Amendments*, Subdivision (b)(1)).

Court enter a Preliminary Order of Forfeiture, forfeiting to the United States, all right, title, and interest of the defendant in the funds.

Pursuant to Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment.  *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Following entry of the Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, and Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the United States will publish notice of the order in accordance with the provisions of Rule 32.2(b)(6)(C), and will send notice to potential claimants who might have standing to contest the forfeiture, in accordance with the provisions of Rule 32.2(b)(6)(D).  Fed. R. Crim. P. 32.2(b)(6)(A).

Pursuant to Rule 32.2(c), if a third party files a petition claiming an interest in the funds, the Court must conduct an ancillary proceeding to determine the validity of the petitioner's alleged interest in the forfeited asset.  Fed. R. Crim. P. 32.2(c)(1).

Upon adjudication of all third-party interests in the funds, pursuant to 18 U.S.C. § 982(a)(1), this Court will enter a Final Order of Forfeiture in which all interests will be addressed.  Fed. R. Crim. P. 32.2(c)(2).

Because the preliminary order of forfeiture forfeits only the interest of the defendant in the funds, the United States requests that the Court retain jurisdiction to enter any orders necessary for the forfeiture and disposition of the

funds, and to address any third party interests that may be asserted in the ancillary proceeding.

        Respectfully submitted,

        ROBERT E. O'NEILL
        United States Attorney

By:   *s/ Bonnie A. Glober*
      BONNIE A. GLOBER
      Florida Bar No. 0748307
      Assistant United States Attorney
      United States Attorney's Office
      300 N. Hogan Street, Suite 700
      Telephone: (904) 301-6300
      Fax: (904) 301-6310
      E-mail: bonnie.glober@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>David S. Weinstein, Esquire
>dweinstein@cspalaw.com
>jlm@wnflaw.com
>dsweinstein@dswpa.com
>mpedraza@cspalaw.com

>*s/ Bonnie A. Glober*
>BONNIE A. GLOBER
>Assistant United States Attorney