UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

| | |
|---|---|
| KRYSTOPHER ADRIAN LEGG<br>ELDON DALE BRANDT<br>RYAN AUSTIN YOUNG<br>YEVGENY DRUBETSKOY<br>BRIAN DANIEL GOLDBERG<br>THERESA FAULKNER | Case No. 3:11-cr-5-J-20JRK |
| THOMAS V. HOLLAND | Case No. 3:11-cr-139-J-20MCR |
| JENNA CRAWLEY | Case No. 3:11-cr-207-J-20JRK |
| ELIO MADAN | Case No. 3:11-cr-240-J-20MCR |

UNOPPOSED JOINT MOTION TO
CONSOLIDATE CASES FOR SENTENCING AND
SUPPORTING MEMORANDUM OF LAW

The Defendant, **RYAN AUSTIN YOUNG**, through his undersigned counsel, and Defendants **KRYSTOPHER ADRIAN LEGG, ELDON DALE BRANDT, YEVGENY DRUBETSKOY, BRIAN DANIEL GOLDBERG, THERESA FAULKNER, THOMAS V. HOLLAND, JENNA CRAWLEY,** and **ELIO MADAN** through their respective counsel, and pursuant to Rule 1.04(c), Local Rule for the Middle District of Florida, hereby move this Court to consolidate the above-referenced cases and transfer them to District Court Judge Timothy J. Corrigan for sentencing. In support of this Unopposed Joint Motion,

counsel state as follows:

1. The above-listed cases and Defendants are related in that they all concern the same Jacksonville pain clinics in which the Defendants were charged with conspiracy to distribute and dispense oxycodone and alprazolam and/or conspiracy to money launder funds. In Case No. 3:11-cr-5-J-20JRK, indictments were returned against a number of Defendants including Defendants Legg, Brandt, Young, Drubetskoy, Goldberg, and Faulkner. In the other three listed cases, informations were filed against Defendants Holland, Crawley, and Madan. All of the above-listed Defendants entered pleas of guilty pursuant to written and negotiated plea agreements.

2. Initially, all of the above-listed cases were assigned to District Court Judge Harvey E. Schlesinger. Some of the Co-Defendants entered pleas of guilty while others elected to go to trial. On December 19, 2012, Judge Schlesinger entered an order stating that the Defendants who entered pleas of guilty in Case No. 3:11-cr-5-J-20JRK, would remain assigned to him and would be scheduled for sentencing before him. Doc 502. The remaining Co-Defendants who elected to proceed to trial in Case No. 3:11-cr-5-J-20JRK would be assigned to District Court Judge Timothy J. Corrigan. *See id*.

3. Judge Corrigan presided over the trial for the remaining Co-Defendants in Case No. 3:11-cr-5-J-20JRK. The trial lasted approximately 9 days, and approximately 26 government witnesses and 9 defense witnesses testified. *See* Case No. 3:11-cr-5-J-20JRK, Docs 634-39, 640-47. Among the Government witnesses who testified were Co-Defendants Rose, Young, Goldberg, Drubetskoy, Crawley, Legg, and Holland. *See id*. The co-

Defendants who went to trial were acquitted. *See id*. at Docs 644, 647.

4. Due to the length of the trial and the number of witnesses, the above-listed Defendants respectfully submit that Judge Corrigan is in the best position to understand the respective responsibilities of the Defendants who are awaiting sentencing. The above-listed Defendants contend that this perspective is vital to the Court's consideration of the 18 U.S.C. § 3553(a) sentencing factors. Consequently, the above-listed Defendants respectfully ask that their cases be consolidated and transferred to Judge Corrigan for sentencing.

5. Undersigned counsel contacted all of the remaining Co-Defendants' counsel, and counsel for Defendants Legg, Brandt, Drubetskoy, Goldberg, Faulkner, Holland, Crawley, and Madan, join in the Motion.

6. Defendant Zachary Rose does <u>not</u> join in the Motion, but his attorneys advised that they are not opposed to the relief being sought by the above-named Defendants.

7. Defendant Donald Hall does <u>not</u> join in the Motion at this time as his attorney advises that there is a pending issue of competency in his case.

8. Undersigned counsel contacted Assistant United States Attorney Jay Taylor, who stated that he does not object to the relief sought in this motion.

9. This motion is not made for the purpose of unduly delaying the proceedings herein.

10. It is in the interests of judicial economy to allow for the filing and granting of this motion.

11. Defendants Young, Legg, Drubetskoy, and Crawley are scheduled for sentencing on October 30, 2013. *See* Case No. 3:11-cr-5-J-20JRK, Doc 684; Case No. 3:11-cr-207-J-20JRK, Doc 45.

11. Defendants Goldberg, Faulkner, and Brandt are scheduled for sentencing on June 19, 2013. *See id.,* Docs 479, 621 . Defendants Holland and Madan are scheduled for sentencing on June 20, 2013. *See* Case No. 3:11-cr-139-J-20MCR, Doc 40; Case No. 3:11-cr-240-J-20MCR, Doc 41.

12. Defendant Legg is in custody. All of the remaining Defendants who join in this Motion are released on an unsecured bond.

**MEMORANDUM OF LAW**

Rule 1.04(c) of the Local Rules for the Middle District of Florida, allows consolidation of related cases before one judge. It specifically provides:

> If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any and all purposes in accord with Rule 42, Fed.R.Civ.P., or Rule 13, Fed.R.Cr.P.

In the instant circumstance, the above-listed Defendants submit that there are an abundance of questions of law and fact for the Court to consider at sentencing that all of the Defendants share in common. First, the Court must determine the respective role of each of the Defendants in the conspiracy. As the Judge who presided over a 9-day trial, Judge Corrigan is in a unique position to understand the complexities of what each person understood about

4

the operations of the various of pain clinics.  Second, the Court must also determine the appropriate base offense level, which for a majority of the Defendants will be based on the amount of narcotics distributed by the conspiracy. (For Defendant Brandt, it will be based on one count of distribution of oxycodone, and for Defendant Crawley it will be based on one count of conspiracy to commit money laundering.)  What makes this particular circumstance different from other such conspiracies is that half of the prescribing doctors were acquitted of conspiracy at trial.  Third, seven Defendants (six of whom join in this motion) testified at trial.  (Defendant Theresa Faulkner was available to testify for the Government but was not called as a witness for the Government at trial.)  The Defendants maintain that these factors place the presiding Judge in the best position to determine the credibility of each of the Defendants and to best gauge the amount of substantial assistance provided.  Finally, the Defendants contend that the perspective of the Judge who presided over the trial is vital to the Court's consideration of the 18 U.S.C. § 3553(a) sentencing factors.

WHEREFORE, Defendants Legg, Brandt, Young, Drubetskoy, Goldberg, Faulkner, Holland, Crawley, and Madan respectfully request that the Court enter an order consolidating the above-referenced cases and transferring the cases to Judge Corrigan for sentencing.

> Respectfully submitted,
> /s/  David S. Weinstein
> David S. Weinstein, Esq.
> Florida Bar No. 749214
> Clarke Silverglate, P.A.
> 799 Brickell Plaza, Suite 900
> Miami, Florida 33131
> Telephone:  (305) 377-0700
> Facsimile:  (305) 377-3001
> Email: Dweinstein@cspalaw.com
> Counsel for Jenna Crawley

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Unopposed Joint Motion to Consolidate Cases for Sentencing has been furnished by electronic filing on this the 3rd day of June, 2013, to the following:

Jay Taylor
Assistant United States Attorney
200 North Hogan Street, Suite 700
Jacksonville, FL 32202

Thomas Bell
Attorney for Defendant Legg
Thomas M. Bell, PA
515 Newnan Street
Jacksonville, FL 32202

Clyde M. Collins, Jr.
Attorney for Defendant Faulkner
Collins & Story, PA
233 East Bay Street, Suite 920
Jacksonville, FL 32202

Bruce Parker Culbert
Attorney for Defendant Madan
Whittington & Culbert, PA
712-A N Pine Street
Green Cove Springs, FL 32043

Roy J. Kahn
Attorney for Defendant Drubetskoy
Law Office of Roy J. Kahn
799 Brickell Plaza, Suite 606
Miami, FL 33131

David W. Moyé
Attorney for Defendant Holland
Moye Law Firm
527 E. Park Avenue
Tallahassee, FL 32301

**CERTIFICATE OF SERVICE (continued)**

Samuel J. Rabin, Jr.
Attorney for Defendant Goldberg
Samuel J. Rabin, Jr., P.A.
799 Brickell Plaza, Suite 606
Miami, FL 33131

Michael Keith Roberts
Kristopher M. Nowicki
Attorneys for Defendant Brandt
Nooney & Roberts
1680 Emerson Street
Jacksonville, FL 32207

William J. Sheppard
Elizabeth Louise White
Attorneys for Defendant Rose
Sheppard, White, Thomas & Kachergus, PA
215 Washington Street
Jacksonville, FL 32202

A. Russell Smith
Attorney for Defendant Hall
A. Russell Smith, PA
519 Newnan Street
Jacksonville, FL 32202

Sylvia A. Irvin
Assistant Federal Defender
Attorney for Defendant Young
200 West Forsyth Street, Suite 1240
Jacksonville, FL 32202

/s/  David S. Weinstein
   David S. Weinstein, Esq.