IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-cr-207-J-20JRK

UNITED STATES OF AMERICA

vs.

JENNA CRAWLEY
_____/

## MEMORANDUM IN AID OF SENTENCING

Comes now the defendant, Jenna Crawley, by and through her undersigned counsel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553 and files her Memorandum in Aid of Sentencing.

### Background and Offense Conduct

Jenna Crawley stands before the Court awaiting sentencing after entering a guilty plea to conspiracy to launder monetary instruments as alleged in Count 1 of the information. She assisted in the management of Jacksonville Pain and Duvall Wellness for a period of eight months by overseeing the day to day operations of the clinics. As a result of her conduct, she received income from the monies collected at the two clinics.

She has been cooperating with the United States government since August of 2010, prior to any formal charges having been filed against her. During this more than 4 year period, pursuant to her ongoing cooperation, Ms. Crawley has been debriefed by the government on numerous occasions in two different jurisdictions (the Middle District of Florida and the Northern District of Georgia) testified in front of the grand jury and the trial jury in case number

3:11-cr-5(S2)-J-32JRK. She has also forfeited all right and interest in $359,872.23, which represented her profits from the activity that took place at the clinics.

In addition, during the early stages of her cooperation Ms. Crawley was threatened by Zachary Rose, one of her co-defendants, in an effort to ensure that she did not cooperate with the authorities. Despite his persistent threats, she continued to cooperate.

As a result of her extensive cooperation, the government has filed a Motion for Downward Departure Pursuant to Section 5K1.1 of the United States Sentencing Guidelines (DE-54). In their motion, the government has requested the Court grant a 6 level reduction in her offense level.

**Offense Level Computation**

As set forth in paragraphs 90-101 of the Revised Presentence Investigation Report, the probation officer has calculated Ms. Crawley's Total Offense Level, under the November 1, 2013, guidelines manual, as level 31. This calculation is predicated upon a conversion of a portion of the laundered funds to oxycodone, which is then converted to marijuana for purposes of calculating a base offense level. However, under the proposed sentencing guidelines amendments that are scheduled to take effect on November 1, 2014, her base offense level would be reduced by two levels, which would result in a Total Offense Level of 29.

Undersigned counsel has discussed the application of the November 1, 2014 sentencing guidelines amendments to Ms. Crawley's case. AUSA Jay Taylor has stated that the government will agree to a guideline variance amendment to Ms. Crawley's plea agreement so that the Court can apply the proposed drug quantity changes prior to the November 1, 2014 effective date. In return, Ms. Crawley will agree not to pursue any future request for reduction under those same proposed amendments.

Therefore, the defense and the government are in agreement that Ms. Crawley's Total Offense Level is level 29, prior to the application of any reduction by the Court pursuant to the government's Motion for Downward Departure Pursuant to Section 5K1.1 of the United States Sentencing Guidelines.

Applying the 6 level request for reduction suggested by the government in their 5K1.1 motion would result in a Total Offense Level of 23.

**Sentencing Memorandum**

Pursuant to Title 18, United States Code, Section 3553(a), the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in sub-paragraph (a)(2). As the Court is well aware, due to the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543 U.S. 220, (2005), that Title 18, United States Code, Section 3553 is purely advisory for the court. This allows the court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

**Title 18, United States Code, Section 3553 Factors**

To determine a reasonable sentence the district court considers several factors enumerated in Title 18, United States Code, Section 3553. These factors are as follows:

>    **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>    **(2)** the need for the sentence imposed -
>    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    **(B)** to afford adequate deterrence to criminal conduct;
>    **(C)** to protect the public from further crimes of the defendant; and

>    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    **(3)** the kinds of sentences available;
>    **(4)** the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission that are in effect on the date the defendant is sentenced;
>    **(5)** any pertinent policy statement issued by the Sentencing Commission
>    **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    **(7)** the need to provide restitution to any victims of the offense.

A sentencing judge is forbidden from presuming that a guideline sentence is the correct one. *United States v. Santoya*, No. 06-Cr-82 (E.D. Wisc. July 25, 2007) (citing *Rita v. United States,* 551 U.S. 338, 354 (stating that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence SHOULD apply")). Rather, the judge, after determining the guideline range, may decide that the guideline sentence:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.0, perhaps because the Guidelines sentence itself properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. *See* Rule 32 (f). Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure.

*Rita,* 551 U.S. at 351. See also id. At 367 (Stevens, J. Concurring) ("I trust that those judges who had treated the Guidelines virtually mandatory during the post-*Booker* interregnum will now recognize that the Guidelines are truly advisory").

Each of these decisions and indeed, the Eleventh Circuit itself, has stressed that district courts are <u>not</u> to treat the Guidelines as presumptively reasonable. *United States v. Hunt*, 459 F.

4

3d 1180 (11th Cir. 2006) (explaining that courts "may determine, on a case-by-case basis the weight to give the Guidelines, so long as that determination is made with reference to the remaining Section 3553(a) factors that the court must also consider in calculating the defendant's sentence"). In fact, the *Hunt* Court explained that there are "many instances where the Guidelines range will not yield a reasonable sentence." *Id.* at 1184.

In particular, the Eleventh Circuit repeatedly has affirmed below guideline sentences after *Booker*. See *United States v. Anderson*, 267 Fed. App'x 847 (11th Cir. 2008) (affirming sentence of probation with home-confinement for white collar defendant where Guidelines were 18 to 24 months and prosecutor was requesting 18 month sentence, explaining that under *Gall*, district courts had wide discretion at sentencing); *United States v. Clay*, 483 F. 3d 739 (11th Cir. 2007) (affirming 60 month sentence even though the Guidelines were 188 to 235 months based on post-offense rehabilitation; *United Strates v. Mathis*, 186 Fed. App'x 971 (11th Cir. 2006) (50% percent variance from the top end of Guidelines affirmed in Hobbs Act extortion and obstruction case); *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (affirming 72 month sentence even though low end of Guidelines was 151 months, more than double sentence imposed); *United States v. Halsema*, 180 Fed. App'x 103 (11th Cir. 2006) (unpublished) (affirming 24 month sentence even though Guidelines were 57 to 71 months); *United States v. Williams*, 435 F. 3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but not greater than necessary to punish, deter, and rehabilitate defendant even though low end sentence was 188 months). Therefore, as *Booker* made clear, the Court must still consider all of the factors set forth in 18 USC § 3553(a), in determining the particular sentence to be imposed.

**History and Characteristics of the Defendant**

Jenna Crawley is a 27 year old young woman. She has no prior criminal record. She is a high school graduate.

In late 2009, the defendant became involved in the management of the clinics that were at the center of the charges filed against her. After she began to cooperate with law enforcement, she distanced herself from any involvement with this type of activity.

During the time that she has been on pre trial release and pending sentencing, she has been involved in the management and operation of Rapunzel Miami, a hair salon and boutique located in Miami, Florida. Rapunzel Miami provides hair extensions and replacements, along with clothing, accessories and jewelry, to their clientele. Ms. Crawley has been the force behind the development of the "Rapunzel" brand as well as the day to day operation of the salon.

Since approximately June of 2011, the defendant has been under the care of her OBGYN for the evaluation of symptoms of cervical cancer. While remaining cancer free, she has on several occasions received test results showing a reoccurrence of some abnormal changes in her cervical cells. She continues to undergo annual testing of her cervical cells.

In addition to her above referenced medical condition, she has been receiving treatment for depression and anxiety that have resulted from her now more than four year involvement in the resolution of the conduct to which she has plead guilty.

Her acceptance of responsibility for her actions, her resulting changed outlook on life and her ongoing treatment for her medical conditions will require her to maintain a positive direction that began with her cooperation with the government over four years ago. Any long term incarceration imposed at this time will result in a significant setback in her changed attitude about her life.

**Nature and Circumstances of the Offense**
**Seriousness of the Offense, Promotion of Respect for the Law,**
**Just Punishment for the Offense,**
**Adequate Deterrence to Criminal Conduct and**
<u>**Protection of the Public from Further Crimes of the Defendant**</u>

The Court must balance a punishment for the defendant that will address the nature and seriousness of the offense, as well as serve as a just punishment, adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. Very often the public is undeterred from committing crimes similar to the conduct of the defendant's conviction based in part upon the punishment that defendant's receive for the commission of these offenses. In addition, defendant's often re-offend because their punishment is insufficient to deter future conduct.

The offense to which the defendant has pleaded guilty and her relevant conduct took place over a period of approximately 8 months. This was an isolated incident and one that Ms. Crawley has distanced herself from since that time. She does not deny or misunderstand the seriousness of the offense that took place at the clinics. Sentencing Ms. Crawley to a lengthy term of incarceration will not reinforce the message of deterrence that she has already received.

Furthermore, the defendant has satisfied the criteria set forth in USSG § 5C1.2(a)(1)-(5). As stated by the Attorney General in his August 12, 2013 Memorandum, "Long sentences for low-level, non-violent drug offenses do not promote public safety, deterrence and rehabilitation." *Memorandum from the Attorney General to the United States Attorneys and Assistant Attorney General for the Criminal Division, dated August 12, 2013.* While Ms. Crawley's offense of conviction is not specifically a drug offense, it is connected to the distribution of drugs and her base offense level has been calculated using the drug quantity tables. As such, she falls into the category of offenders addressed by the Attorney General in his August 12, 2013 Memorandum.

Jenna Crawley is a young woman who made a poor choice and has now accepted responsibility for that lack of judgment. While a term of incarceration will have an impact on the defendant as both punishment and deterrence, an extended term of incarceration will offset the significant progress that the defendant has made to turn her life around.

Under the facts and circumstances of this case, a sentence of no greater than 24 month is sufficient to address the seriousness of the offense, promote respect for the law, provide just punishment for the offense and to protect the public by deterring future criminal conduct by the defendant and others.

**The need to avoid unwarranted sentence disparities
among defendants with similar records
who have been found guilty of similar conduct**

In this case sentencing methodology that does not analyze the unique factors of each defendant under Section 3553 could create unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct.

At its heart, the instant conspiracy was composed of owners, managers, recruiters, technicians and physicians. Several of the physicians and managers were acquitted after a jury trial. The owner of the clinics, Zachary Rose, was sentenced to 188 months incarceration. Several managers received sentences ranging from a term of probation through 24 months incarceration. The physicians have received sentences ranging from a term of probation through 36 months incarceration. The sole technician sentenced in this case received a sentence of 24 months incarceration.

Ms. Crawley has no prior criminal record and had no specialized medical or managerial training. She was an office manager who shared in the profits from the clinic. As for those profits, he has already forfeited that money to the government

8

She participated in the initial process of hiring the physicians to work in the clinics and for approximately eight months she assisted in the day to day management of the clinics. Towards the end of her participation in the operation of the clinic, she was forced out of her day to day management role by Zachary Rose. Ms. Crawley is more akin to a manager than any other category of participants in the conspiracy. Therefore, her sentence should be in line with the sentences handed down to the other managers.

As such, an appropriate sentence for Ms. Crawley, as well as one that would not create an unwarranted sentencing disparity between similarly situated defendants, would fall between a term of probation and 24 months incarceration.

### The Nature and Extent of the Defendant's Substantial Assistance

As acknowledged by the United States in their Motion for Reduction of Sentence, Ms. Crawley provided truthful and timely information to the United States. Her cooperation assisted in the filing of an indictment in case number 3:11-cr-5(S2)-J-32JRK and she testified in the trial of that cause. She has also provided information to assist the related prosecution of Jason Votrobek in the Northern District of Georgia.

Upon the government's motion, the court may reduce a sentence if the defendant provided substantial assistance in investigating or prosecuting another person and reducing the sentence is in accordance with the Sentencing Commission's guidelines and policy statements. Rule 35, F.R.Crim.P.

The guidelines contain a list of factors to consider in making a substantial assistance reduction, all of which relate to the assistance the defendant provided. *United States v. Crisp*, 454 F.3d 1285, 1289 (11th Cir. 2006). Those factors are:

>(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>(3) the nature and extent of the defendant's assistance;
>(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>(5) the timeliness of the defendant's assistance.

*Id.*

Although the decision to file a motion for reduction of sentence pursuant to Rule 35 rests with the government, the authority and exercise of discretion to determine the amount of reduction rests solely with the Court. See *United States v. Castellanos*, 904 F.2d 1490, 1497 (11th Cir. 1990) (explaining and affirming the district court's exercise of discretion of independent judgment and discretion in sentence reduction).

In deciding reductions pursuant to Section 5K1.1 of the Sentencing Guidelines as well as Rule 35 motions, Courts have relied on the Sentencing Commission's list of important factors to consider. Nonetheless, "[t]he nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis. Latitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable relevant factors, including those listed above." U.S.S.G. § 5K1.1 comment (backg'd). See *United States v. Pizano*, 403 F.3d 991 (8th Cir., 2005) (affirming 18 month sentence for substantial assistance in drug conspiracy and money laundering case where guideline range was 70-87 months – approx. 75% below the advisory guidelines); *United States v. Owens*, 464 F.3d 1252 (11th Cir. 2006) (60 month sentence, a reduction of almost 300 months, was a proper reward for defendant's cooperation against co-defendants in fraud case); *United States v. Christenson,* 424 F.3d 852 (8th Cir 2005 (en banc) (affirming sentence reduction of approximately 75%, notwithstanding the government's recommendation of 10%).

In the instant matter, the defendant's cooperation has extended beyond the average case of a cooperating defendant. In total, Ms. Crawley's assistance has been significant, truthful, extensive, complete and timely. She has also placed herself at risk by both offering to testify against co-defendants and actually testifying against her co-defendants in case number 3:11-cr-5(S2)-J-32JRK. In fact, at the inception of her cooperation, she received direct threats fRom Zachary Rose not to cooperate against him. These are all factors that the Court should consider in determining the amount of the reduction in her sentence. *See Crisp id*.

Ms. Crawley recognizes that the 6 level reduction recommended by the government is significant. However, under the facts of this case, a further reduction would be appropriate based upon the substantial assistance that she has provided towards the successful prosecution of other individuals whose cases were deemed noteworthy by the government.

While Ms. Crawley's recommended guideline range falls within Zone D, the decisions of the Courts in *Pizano*, *Owens and Christenson id,* allow the Court to use the government's 5K1.1 motion along with the factors outlined in section 3553 to fashion an appropriate sentence within Zone C. By creating Zone C, the Sentencing Commission recognized that there would exist certain circumstances where a split sentence was an appropriate substitute for a portion of imprisonment. This is one of those circumstances.

### Conclusion

The Court can use its discretion to fashion a total sentence that would adequately take into account the factors set forth in Title 18, United States Code, Section 3553 and give the defendant credit for her truthful and timely substantial assistance to the government. It is respectfully submitted that after analyzing all of the factors presented to the Court, the appropriate sentence would no more than a total sentence of twenty four months to be served as a

split sentence with a twelve month period of incarceration, followed by a twelve month period of home confinement and such period of supervised release that the Court deems necessary.

> Respectfully submitted,
> /s/   David S. Weinstein
> David S. Weinstein, Esq.
> Florida Bar No. 749214
> Clarke Silverglate, P.A.
> 799 Brickell Plaza, Suite 900
> Miami, Florida 33131
> Telephone:  (305) 377-0700
> Facsimile:  (305) 377-3001
> Email: Dweinstein@cspalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22 2014, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF

> /s/   David S. Weinstein
>    David S. Weinstein, Esq.